## Schaffner et al. v. St. John's Ukrainian Greek Catholic Congregation.

*Mechanic's lien — Affidavit of defence — Part of claim—Act of June 4, 1901.*

On a rule for judgment taken under the Mechanics' Lien Act of June 4, 1901, P. L. 431, where the plaintiff seeks judgment for part of the claim, he should state the portion of the claim as to which it is alleged the affidavit of defence is deficient and the amount for the recovery of which he seeks leave to proceed.

Rule for judgment. C. P. Schuylkill Co., Nov. T., 1924, No. 557.

*George W. Gerber* and *A. D. Knittle,* for plaintiffs.

*E. P. Leuschner,* for defendant.

BERGER, J., Oct. 19, 1925.—This is a rule for judgment "in default of an affidavit of defence or in default of a sufficient affidavit of defence" in a writ of *scire facias* to recover upon a mechanic's lien. The affidavit of defence sets forth that the correct name of the defendant is Saint John's Ukrainian Greek Catholic Church and not Saint John's Ukrainian Greek Catholic Congregation, as stated in the lien and in the præcipe for the writ of *scire facias.* The plaintiff has now moved to amend, so that the defendant's name may correctly appear in the lien and in the writ as Saint John's Ukrainian Greek Catholic Church, and the amendment is allowed.

The plaintiff, in the brief filed in support of the rule for judgment, admits that the affidavit of defence is sufficient to raise an issue for determination by a jury in regard to two items included in the lien, one of $129, and the other of $182.40, a total of $311.40. The lien is filed for $2458.30, and the plaintiff now asks the entry of judgment for the sum of $2146.80. The rule for judgment is taken pursuant to section 34 of the Act of June 4, 1901, P. L. 431, which provides, *inter alia,* as follows: "If an affidavit of defence be filed, a rule may be taken for judgment for want of a sufficient affidavit of defence or for so much of the claim as is insufficiently denied, with leave to proceed for the residue." The rule in this case is a general rule for judgment for want of a sufficient affidavit of defence, and it does not state the amount for which judgment is asked nor the residue for which it asks leave to proceed. It has been held, and we think it is a good rule, that when a plaintiff seeks judgment for part of a claim, he should state the portion of the claim as to which it is claimed the affidavit of defence is deficient and the amount for the recovery of which he asks leave to proceed: Goodman *v.* Rile, 9 Del. Co. Reps. 21. The rule for judgment will, therefore, be discharged.

Rule for judgment discharged.        From M. M. Burke, Shenandoah, Pa.